IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

G.K., et al.,

          Plaintiffs,

v.

          Case No. 21-CV-4-PB

CHRISTOPHER SUNUNU, et al.,

          Defendants.

## PLAINTIFFS' SURREPLY IN FURTHER SUPPORT OF THEIR OBJECTION TO DEFENDANTS' MOTION TO DISMISS C.I. and T.L.

Under Local Rule 7.1(e)(3), Plaintiffs submit this surreply to make two points in response to the new cases cited and the new argument raised in Defendants' reply (ECF No. 115):

**First,** the cases Defendants cite for the first time in their reply do not support the proposition that the inherently transitory exception *only* applies to claims of limited—rather than uncertain—duration. None of the cases stand for that invented proposition and two expressly held otherwise. *See Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975) (holding that the claims of pretrial detainees qualified for an exception to mootness when "[t]he length of pretrial custody [could not] be ascertained at the outset" and when it was "by no means certain that any given individual, named as plaintiff, would be in pretrial custody long enough for a district judge to certify the class"); *Brito v. Barr*, 395 F. Supp. 3d 135, 146-47 (D. Mass. 2019) (holding that the inherently transitory exception applied when "it is uncertain whether any [immigrant] will be subject to . . . detention long enough to serve as a class representative" and only noting that immigration court bond hearings occur 3 to 4 times a week to explain why it was certain that other persons similarly situated would continue to be subject to the challenged conduct).

Many of the other cases Defendants cite for the first time did not address the inherently transitory exception that applies here.  *See Harris v. Univ. of Mass. Lowell*, 43 F.4th 187, 194-95 (1st Cir. 2022) (applying the separate capable of repetition yet evading review exception); *Bais Yaakov of Spring Valley v. ACT, Inc.*, 798 F.3d 46, 46-55 (1st Cir. 2015) (holding that a rejected and withdrawn offer of settlement did not moot the named plaintiffs' claims and not addressing any exception to mootness); *ACLU of Mass. v. U.S. Conf. of Cath. Bishops*, 705 F.3d 44, 54-57 (1st Cir. 2013) (considering the separate voluntary cessation and capable of repetition yet evading review exceptions in a case brought by an organizational plaintiff, not a putative class); *Sam M. by Elliott v. Carcieri*, 610 F. Supp. 2d 171, 175 (D.R.I. 2009) (not addressing any exception to mootness), *rev'd sub nom. Sam M. ex rel. Elliott v. Carcieri*, 608 F.3d 77, 81 n.1 (1st Cir. 2010) (not addressing any exception to mootness and noting that the plaintiffs had not challenged the district court's conclusion on mootness).[1]

To the extent the remaining new cases did address the inherently transitory exception, they made no suggestion that the exception does not apply to claims of an unpredictable duration.  *See Schall v. Martin*, 467 U.S. 253, 256 n.3 (1984) (holding that the claims of pretrial detainees were not moot under *Gerstein*); *County of Riverside v. McLaughlin,* 500 U.S. 44, 51-52 (1991) (same); *Kaplan v. Fulton St. Brewery, LLC*, No. CV 17-10227-JGD, 2018 WL 2187369, at *8-9 (D. Mass. May 11, 2018) (only considering whether the defendants' alleged attempts to "pick off" the named plaintiff defeated mootness in a consumer products damages case);[2] *Demmler v. ACH Food Cos.,*

---

[1] Defendants dedicate much of their reply to *Cruz v. Farquharson*, 252 F.3d 530 (1st Cir. 2011).  Plaintiffs addressed *Cruz* in detail in their Objection and respectfully refer the Court to the reasons set forth there why *Cruz* is inapplicable to this case.  *See* Objection to Motion to Dismiss C.I. and T.L. (ECF No. 109, "Obj."), at 10-11.  Moreover, Defendants' efforts to package the entirety of Plaintiffs' argument under the Fourth Circuit decision in *Jonathan R. by Dixon v. Just.*, 41 F.4th 316 (4th Cir. 2022) selectively ignores most of Plaintiffs' Objection, which shows that U.S. Supreme Court precedent supports the application of the inherently transitory exception to mootness in this case.

[2] Defendants appear to argue that Plaintiffs have not proffered evidence demonstrating that Defendants are willfully picking off Named Plaintiffs.  *See* Reply in Support of Motion to Dismiss C.I. and T.L. (ECF No. 115,

*Inc.*, No. CV 15-13556-LTS, 2016 WL 4703875, at *7-8 (D. Mass. June 9, 2016) (same); *K.S. v. R.I. Bd. of Educ.*, No. CV 14-077S, 2015 WL 13729856, at *2 (D.R.I. June 30, 2015) (not addressing the uncertain duration of the plaintiffs' claims).

The new cases Defendants cite therefore do not undercut the rule handed down and recently reaffirmed by the U.S. Supreme Court: that the inherently transitory exception applies when it is uncertain whether a claim will remain live for any plaintiff long enough for a court to certify the class and when there will likely be a constant class of persons suffering the deprivation alleged in the complaint. *See* Obj. at 3-4, 8-12. Those are the precise circumstances here.[3]

**Second**, Defendants suggest for the first time that Plaintiffs' proposed deadline for substituting proposed class representatives in the parties' joint proposed discovery plan (ECF No. 77), in which Plaintiffs sought a deadline of sixty days before the close of fact discovery for substitution, somehow was an implied waiver of the inherently transitory exception or an admission that Plaintiffs anticipated mootness of the Named Plaintiffs' claims. *See* Reply, at 7-8. That assertion borders on the frivolous. To be sure, there are any number of reasons, unanticipated at the outset of this or any class action litigation, why Plaintiffs might voluntarily dismiss and substitute a representative plaintiff. *See 1 McLaughlin on Class Actions* § 4:36 (18th ed.) (explaining that courts allow substitution of representatives when, *inter alia*, the class

---

"Reply"), at 6-7. But as noted in Plaintiffs' Objection, Defendants' control over Plaintiffs' uncertain duration in foster care custody is relevant with or without any intentional picking off of class representatives. *See* Obj., at 6. The key issues here are the uncertain duration of foster care and Defendants' control over factors influencing such duration.

[3] As discussed in the Objection at 4-7, the elements of the inherently transitory exception are satisfied here, which Defendants do not dispute. Notably, Defendants cite no other case law considering and rejecting the application of the inherently transitory exception to putative class actions alleging systemic deficiencies in state foster care programs. In fact, during the pendency of this motion, another district court held that the exception applies in such a case, precisely because of the uncertainty of foster youth's circumstances. *See Wyatt B. et al v. Brown*, Case No. 6:19-cv-556, ECF No. 275, at 50-52 (D. Or. Aug. 17, 2022) (applying the inherently transitory exception to claims brought by children in the foster care system challenging the system's conditions).

3

representative decides not to pursue the litigation or otherwise becomes inadequate). A proposed deadline to substitute efficiently addresses that possibility, and does not imply any waiver or admission concerning the application of the inherently transitory exception to mootness in this case. Indeed, neither the claims of C.I. and T.L. nor the inherently transitory exception was at issue when the parties submitted their joint proposed discovery plan.

Nor does the substitution deadline proposal undercut the reality that locating, retaining, and seeking discovery on additional named plaintiffs would needlessly delay resolution of the case. The parties filed their proposed discovery plan in January 2022, before Defendants' repeated and lengthy delays in responding to discovery requests. As explained in the Objection, there are a litany of barriers that render it extremely challenging for Plaintiffs' counsel to substitute named plaintiffs. *See* Obj. at 14.

For those reasons, Plaintiffs' position on the deadline for substitution of class representatives has no bearing on the clear application of the inherently transitory exception to this case.

Dated: September 6, 2022

Respectfully submitted,

PLAINTIFFS, G.K., et al.,

By their attorneys,

*/s/ Michelle Wangerin, Esq.*
**NEW HAMPSHIRE LEGAL ASSISTANCE**
Michelle Wangerin
N.H. Bar No. 17769
Kay E. Drought
N.H. Bar No. 12851
154 High Street
Portsmouth, NH 03801
P: (603) 431-7411
F: (603) 431-8025
mwangerin@nhla.org
kdrought@nhla.org

**AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE**
Gilles R. Bissonnette
N.H. Bar No. 265393
Henry R. Klementowicz
N.H. Bar No. 21177
18 Low Avenue
Concord, NH 03301
T: (603) 224-5591
gilles@aclu-nh.org
henry@aclu-nh.org

**DISABILITY RIGHTS CENTER-NH, INC.**
Pamela E. Phelan
N.H. Bar No. 10089
Sarah J. Jancarik
N.H. Bar No. 272310
Jennifer A. Eber
N.H. Bar No. 8775
64 North Main Street, Suite 2
Concord, NH 03301-4913
P: (603) 228-0432
F: (603) 225-2077
pamelap@drcnh.org
sarahj@drcnh.org
jennifere@drcnh.org

**CHILDREN'S RIGHTS, INC.**
Ira Lustbader
NY Bar No. 2516946
Nicole Taykhman
NY Bar No. 5522776
Kathleen Simon
NY Bar No. 5682810
88 Pine Street, 8th Floor
New York, NY 10005
P: (212) 683-2210
F: (212) 683-4015
ilustbader@childrensrights.org
ntaykhman@childrensrights.org
ksimon@childrensrights.org

**WEIL, GOTSHAL & MANGES LLP**
Konrad L. Cailteux
NY Bar No. 2056505
Katheryn Maldonado
NY Bar No. 5926027
Kathleen Stanaro
NY Bar No. 5900410
767 Fifth Avenue
New York, NY 10153
P: (212) 310-8000
F: (212) 310-8007
Konrad.Cailteux@weil.com
Katheryn.Maldonado@weil.com
Kathleen.Stanaro@weil.com