IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| G.K., et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>CHRISTOPHER SUNUNU, et al.,<br><br>        Defendants. | Case No. 21-CV-4-PB |

### PLAINTIFFS' MOTION FOR A PARTIAL LIFT OF STAY FOR LIMITED PURPOSE

Plaintiffs move for a partial lift of the Stay in this matter (ECF No. 259) for the limited purposes of filing a time-sensitive motion to amend the Complaint (*see* ECF No. 264) and the Parties' briefing of that motion. In support of this Motion, Plaintiffs state:

1. "[F]ederal district courts possess the inherent power to stay pending litigation when the efficacious management of court dockets reasonably requires such intervention." *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1154 (1st Cir. 1992) (citations omitted). This power encompasses the authority to "lift[] or modify a stay for prudential reasons." *Rivera-Pedrogo v. Villamil-Wiscovitch*, No. CV 22-1039 (CVR), 2023 WL 4196912, at *1 (D.P.R. June 26, 2023) (citations omitted); *see also Hawai'i v. Trump*, 233 F. Supp. 3d 850, 854 (D. Haw. 2017) ("[W]hen circumstances have changed such that the court's reasons for imposing a stay no longer exist or are inappropriate, the court may lift the stay. . . . [And] any party may petition . . . to lift or partially lift the stay for good cause . . . ." (citations and original alterations omitted)).

1

2. The following changed circumstances and good cause warrant a partial lift of the Stay in this matter:

   a. On December 1, 2023, the Parties jointly moved the Court to stay all litigation and discovery deadlines to allow the Parties to focus on mediation. (ECF No. 259). At that time, the Parties anticipated the Stay expiring on or around January 1, 2024; however, due to unforeseen delays in securing a mediator, the Parties now anticipate the Stay continuing through at least February 10, 2024.

   b. The sole remaining minor Named Plaintiff in Defendants' custody will reach the age of majority prior to February 10, 2024 (*see* ECF No. 249 at 4 n.2).

   c. As Plaintiffs explained during the January 10, 2024 Status Conference before the Court, Plaintiffs seek a partial lift of the Stay for the limited purposes of Plaintiffs' moving for leave to add a minor class representative presently in Defendants' custody and the Parties' briefing of that motion. (*See* ECF No. 264).[1]

   d. In moving on the eve of the aforementioned Named Plaintiff's birthday, Plaintiffs have attempted to avoid unnecessary motion practice, while still preserving their rights in the face of Defendants' argument that the proposed class is not inherently transitory.

3. No memorandum of law is necessary, as the relief requested by this motion is within the discretion of the Court and requires no further briefing. *See* L.R. 7.1(a)(2).

4. The Parties conferred in good faith but were unable agree on this issue. Defendants do not assent to the relief requested in this Motion. *See* L.R. 7.1(c).

---

[1] Plaintiffs also seek leave to make three additional clerical changes to the Complaint to reflect changed circumstances: updating the Defendants' names under Federal Rule of Civil Procedure 25(d); updating the class definition, as refined in the class certification briefing; and removing the dismissed Fourteenth Amendment claim.

WHEREFORE, Plaintiffs ask that this Court:

A. Partially lift the Stay in this matter for the limited purposes of Plaintiffs moving for leave to amend the Complaint to add a class representative and to reflect changed circumstances, as well as the Parties' briefing of that motion; and

B. Grant such other and further relief as this Court deems just and proper in the circumstances.

Dated: January 18, 2024

Respectfully submitted,

PLAINTIFFS, G.K., et al.,

By their attorneys,

/s/ Michelle Wangerin, Esq.
**NEW HAMPSHIRE LEGAL ASSISTANCE**
Michelle Wangerin
N.H. Bar No. 17769
Kay E. Drought
N.H. Bar No. 12851
154 High Street
Portsmouth, NH 03801
P: (603) 431-7411
F: (603) 431-8025
mwangerin@nhla.org
kdrought@nhla.org

**AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE**
Gilles R. Bissonnette
N.H. Bar No. 265393
Henry R. Klementowicz
N.H. Bar No. 21177
18 Low Avenue
Concord, NH 03301
T: (603) 224-5591
gilles@aclu-nh.org
henry@aclu-nh.org

**DISABILITY RIGHTS CENTER-NH, INC.**
Jennifer A. Eber
N.H. Bar No. 8775

3

Mia A. Fry
N.H. Bar No. 276293
Kayla J. Turner
N.H. Bar No. 270167
64 North Main Street, Suite 2
Concord, NH 03301-4913
P: (603) 228-0432
F: (603) 225-2077
jennifere@drcnh.org
miaf@drcnh.org
kaylat@drcnh.org

**CHILDREN'S RIGHTS, INC.**
Ira Lustbader
NY Bar No. 2516946
Kathleen Simon
NY Bar No. 5682810
Carolyn Hite
NY Bar No. 5677422
Aarti Iyer
NY Bar No. 5367578
Rebecca Ritchin
NY Bar No. 6015069
Madeleine MacNeil Kinney
NY Bar No. 5312426, MA Bar No. 690939
88 Pine Street, 8th Floor
New York, NY 10005
P: (212) 683-2210
F: (212) 683-4015
ilustbader@childrensrights.org
ksimon@childrensrights.org
chite@childrensrights.org
aiyer@childrensrights.org
rritchin@childrensrights.org
mkinney@childrensrights.org

**WEIL, GOTSHAL & MANGES LLP**
Konrad L. Cailteux
NY Bar No. 2056505
Sarah Ryu
NY Bar No. 5405642
Kathleen Stanaro
NY Bar No. 5900410
Katheryn Maldonado
NY Bar No. 5926027
767 Fifth Avenue

4

New York, NY 10153
P: (212) 310-8000
F: (212) 310-8007
Konrad.Cailteux@weil.com
Sarah.Ryu@weil.com
Kathleen.Stanaro@weil.com
Katheryn.Maldonado@weil.com
