**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

|  |  |
|---|---|
| B.D., by their next friend, Christine C. Wellington, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 1:21-cv-0004 |
| CHRISTOPHER SUNUNU, in his official capacity as the Governor of New Hampshire, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANTS' ANSWER TO
PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT**

Defendants Christopher Sununu, in his official capacity as Governor of the State of New Hampshire, Lori Weaver, in her official capacity as Commissioner of New Hampshire Department of Health and Human Services, Marie Noonan, in her official capacity as Director of the Division for Children, Youth and Families, and Henry Lipman, in his official capacity as Director of New Hampshire Medicaid Services, respond to Plaintiff's Second Amended Class Action Complaint as follows.

**ADMISSIONS & DENIALS**

Defendants generally deny all of Plaintiff's allegations as set forth in Plaintiff's Second Amended Class Action Complaint, except for those that are specifically admitted below.  *See* Fed. R. Civ. P. 8(b)(3).  Thus, any allegation not expressly admitted herein is denied.  To the extent that the Complaint's headings, subheadings, footnotes, or table of contents contain factual allegations, they are denied.  Where Defendants lack knowledge or information sufficient to form a belief about an allegation, Defendants so respond.  *See* Fed. R. Civ. P. 8(b)(5).  The Court has dismissed Plaintiffs' Fourteenth Amendment right to counsel claim, *see* Doc. 49, at 11–19, and has dismissed the claims of

Named Plaintiffs G.K., C.I., T.L., R.K., and D.M., *see* Doc. 341, at 16; Defendants therefore are not required to respond to the allegations Plaintiffs formerly asserted in support of those claims, *see* Fed. R. Civ. P. 8(b)(1)(B), 8(b)(6).

## I.    INTRODUCTION

Paragraph 1: Denied.

Paragraph 2: Specifically admitted that, at the time of filing of the Second Amended Class Action Complaint, Named Plaintiff B.D. purported to have filed this lawsuit on behalf of themself and a putative class. Footnote 3, appended to this paragraph, contains legal conclusions which set forth Plaintiff's characterization of the action to which no response is necessary. Otherwise, denied.

Paragraph 3: Specifically admitted that some children in DCYF's custody reside in group homes, child care institutions, or other child care agencies, as defined in RSA 170-E:25; that some children in DCYF's custody change residences more frequently than other children; and that some children in DCYF's custody may not have a job or be at standard educational grade level upon reaching the age of majority. Otherwise, denied.

Paragraph 4: Denied, including all subparts.

Paragraph 5: Specifically admitted that Plaintiff has sued Defendants in Defendants' official capacities; that Christopher Sununu is the Governor of New Hampshire; that Lori Weaver is the Commissioner of DHHS; that Marie Noonan is the Director of DCYF; and that Henry Lipman is the Director of Medicaid Services. No response is required with respect to the allegation regarding Christopher Keating because this allegation relates solely to a claim that the Court has dismissed. Otherwise, denied.

Paragraph 6: This paragraph, and footnote 4 appended to this paragraph, set forth Plaintiff's characterization of this action and legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny that Plaintiff is entitled to relief under the specified statutory

provisions or any others, and otherwise deny the remaining allegations in this paragraph.

Paragraph 7:  This paragraph sets forth Plaintiff's characterization of this action to which no response is necessary.  To the extent a response is required, Defendants deny the implicit allegation that Plaintiff's claim has merit and otherwise deny the remaining allegations in this paragraph.

## II.    JURISDICTION AND VENUE

Paragraph 8:  This paragraph sets forth Plaintiff's characterization of this action to which no response is necessary.  To the extent a response is required, Defendants deny the implicit allegation that Plaintiff's claim has merit and otherwise deny the remaining allegations in this paragraph.

Paragraph 9:  This paragraph sets forth Plaintiffs' characterization of this action and legal conclusions to which no response is necessary.  To the extent a response is required, Defendant admits that this Court currently has jurisdiction over this action under 28 U.S.C. § 1331, but denies any implicit suggestion that Plaintiffs' claims have merit.

Paragraph 10:  Specifically admitted that 28 U.S.C. § 2201 authorizes this Court to issue declaratory relief subject to the limitations set forth therein; that Federal Rule of Civil Procedure 57 governs the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201; that 28 U.S.C. § 2202 authorizes this Court to issue further necessary and proper relief subject to the limitations set forth therein; and that Federal Rule of Civil Procedure 65 sets forth procedural rules related to injunctions and restraining orders.  Otherwise, denied.

Paragraph 11:  Specifically admitted that the District of New Hampshire is the proper venue for this civil action.  Otherwise, denied.

## III.    PARTIES

### A.    PLAINTIFFS

Paragraph 12:  This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required.  To the extent a response is required, denied.  The allegations in

3

footnote 5, appended to the heading immediately preceding this paragraph, constitute a legal conclusion to which no response is required; to the extent a response is required, Defendants deny that the claims in this action are inherently transitory.

Paragraph 13:  This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required.  To the extent a response is required, denied.

Paragraph 14:  This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required.  To the extent a response is required, denied.

Paragraph 15:  This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required.  To the extent a response is required, denied.

Paragraph 16:  This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required.  To the extent a response is required, denied.

Paragraph 17:  Specifically admitted that on July 29, 2024, the date of filing of the Second Amended Class Action Complaint, B.D. was fifteen years old and was in DCYF's custody, and that B.D. purportedly appears through next friend Christine Wellington.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and deny them on that basis.

**B.    DEFENDANTS**

Paragraph 18:  Specifically admitted that Christopher Sununu is the duly elected Governor of the State New Hampshire; that Plaintiff has sued Governor Sununu in his official capacity; that under Part II, Article 41 of the Constitution of the State of New Hampshire, the executive power of the state is vested in the governor; that the governor is responsible for the faithful execution of the laws; that the governor and executive council are responsible for appointing the commissioner of DHHS, members of the advisory board to DCYF, and the administrative head of the office of the child advocate; that Governor Sununu acted under color of state law at all times relevant to this action.

4

Otherwise, denied.

Paragraph 19:  Specifically admitted that DHHS provides a comprehensive and coordinated system of health and human services as needed to promote and protect the health, safety, and well-being of citizens of New Hampshire; that DHHS is under the executive direction of a commissioner of DHHS; that the commissioner of DHHS is responsible for seeking funds from the state legislature to implement New Hampshire's child protection and Medicaid programs; that the commissioner of DHHS is responsible for ensuring that DHHS complies with all applicable federal and state laws; that Lori Weaver is the duly appointed Commissioner of DHHS; that Plaintiff has sued Commissioner Weaver in her official capacity; and that Commissioner Weaver acted under color of state law at all times relevant to this action.  Otherwise, denied.

Paragraph 20:  Specifically admitted that DCYF is a division of DHHS; that DCYF assumes and administers some of the responsibilities and duties relative to child welfare services; that those services include services provided to children, including the Named Plaintiff, in DCYF's custody; that DCYF administers child welfare services under Title IV-E of the Social Security Act; that the director of DCYF is responsible for ensuring that DCYF complies with applicable federal and state laws; that Marie Noonan is the Director of DCYF; that the Named Plaintiff has sued Director Noonan in her official capacity; and that, as director, Director Noonan acted under color of state law at all times relevant to this action.  Otherwise, denied.

Paragraph 21:  Specifically admitted that the Division of Medicaid Services is a division of DHHS charged with responsibility for administering New Hampshire's Medicaid program; that Henry Lipman is the director of the Division of Medicaid Services; that Plaintiff has sued Director Lipman in his official capacity; and that Director Lipman acted under color of state law at all times relevant to this action.  Otherwise, denied.

Paragraph 22:  No response is required because these allegations relate solely to a claim that

the Court has dismissed.  To the extent a response to the allegations in this paragraph is required, the allegations are denied.

## IV.     CLASS ACTION ALLEGATIONS

Paragraph 23:  Specifically admitted that Federal Rules of Civil Procedure 23(a) and 23(b)(2) set forth procedural rules related to class actions.  Otherwise, denied.

Paragraph 24:  Admitted that this Court has certified a class of all children, ages 14 through 17, who: (1) are, or will be, in the legal custody or under the protective supervision of DCYF under N.H. Rev. Stat. Ann. § 169-C:3 (XVII) and/or (XXV); (2) have a mental impairment that substantially limits a major life activity, or have a record of such an impairment; and (3) currently are, or are at serious risk of being, unnecessarily placed in congregate care settings (Doc. 342), but denied that class certification is warranted.  Otherwise, denied.

Paragraph 25:  Denied.

Paragraph 26:  Denied.

Paragraph 27:  Denied.

Paragraph 28:  Denied.

Paragraph 29:  Denied.

Paragraph 30:  Denied.

Paragraph 31:  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff will fairly and adequately protect the interests of the Class that Plaintiff seeks to represent; and that Plaintiff's counsel know of no conflicts between or among members of the Class that they seek to represent.  To the extent a response is required, denied.

Paragraph 32:  Specifically admitted that Named Plaintiff B.D. purports to appear by next friend Christine Wellington.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations that the next friend is sufficiently familiar with the facts of the child's situation

6

and dedicated to fairly and adequately representing the child's best interests in this litigation; and that Plaintiff is unaware of any conflicts between or among the Named Plaintiff and Plaintiff Youth in the Class the Named Plaintiff represents.  To the extent a response otherwise is required, denied.

Paragraph 33: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations that Plaintiff Youth are represented by attorneys who are competent and experienced in class action litigation, child welfare litigation, disability rights law, and complex civil litigation.  To the extent a response otherwise is required, denied.

Paragraph 34:  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff's counsel have identified and thoroughly investigated all claims in this action, have relevant expertise, and have committed sufficient resources to represent the Class through trial and any appeal.  To the extent a response is required, denied.

## V.    BACKGROUND

Paragraph 35:  Specifically admitted that many older foster youth in New Hampshire had already experienced trauma when they entered the custody of DCYF.  Otherwise denied.

Paragraph 36:  Denied.

Paragraph 37:  Denied.

Paragraph 38:  Denied.

Paragraph 39:  Denied.

Paragraph 40:  Specifically admitted that children in DCYF's custody may be placed in a variety of placements including relative or fictive kin homes, foster family homes, individual service option (ISO) foster homes, and residential treatment programs.  Otherwise, denied.

Paragraph 41:  Denied.

Paragraph 42:  Specifically admitted that there are child care agencies that provide services to children pursuant to RSA 169-B, RSA 169-C, and RSA 169-D, as well as pursuant to other statutory

provisions.  Otherwise, denied.

Paragraph 43:  Specifically admitted that children in DCYF's custody may be placed in other states.  Otherwise, denied.

Paragraph 44:  Denied.

Paragraph 45:  Denied.

Paragraph 46:  Denied.

Paragraph 47:  Specifically admitted that toxic stress has been linked to physical effects on children's neural structures, compromised brain development and behavioral functioning, and related psychological adjustment problems.  Otherwise, denied.

Paragraph 48:  Denied.

Paragraph 49:  Specifically admitted that children may be placed in residential programs when they have specialized needs; and that placement in a residential program should continue so long as is necessary for those needs to be addressed.  Otherwise, denied.

Paragraph 50:  Denied.

Paragraph 51:  Denied.

Paragraph 52:  Denied.

Paragraph 53:  Specifically admitted that neuroscientists have studied the impact of early childhood experiences on the formation of the developing brain, and that the Second Amended Class Action Complaint accurately quotes the article cited in Footnote 9, in part.  Otherwise, denied.

Paragraph 54:  Specifically admitted that frequent placement moves can affect the mental health of a child.  Otherwise, denied.

Paragraph 55:  Denied.

Paragraph 56:  Denied.

Paragraph 57:  Specifically admitted that older foster youth who reach the age of 18 may exit

DCYF custody or may voluntarily remain in DCYF foster care and/or receive other supports. Otherwise, denied.

Paragraph 58:  Specifically admitted that the National Youth in Transition Database ("NYTD") collects information on youth in foster care and outcomes for youth transitioning out of foster care. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations concerning Plaintiff's interpretation of what unspecified data from the NYTD shows.  To the extent a response otherwise is required, denied.

Paragraph 59:  Denied.

## VI.    FACTUAL ALLEGATIONS

**A.  NAMED PLAINTIFFS G.K., C.I., T.L., R.K., D.M., AND B.D.**

**i.    G.K.**

Paragraph 60:  This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required.  To the extent a response is required, denied.

Paragraph 61: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required.  To the extent a response is required, denied.

Paragraph 62: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required.  To the extent a response is required, denied.

Paragraph 63: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required.  To the extent a response is required, denied.

Paragraph 64: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 65: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 66: This paragraph refers to a nonparty that has been dismissed from this case, and

therefore no response is required. To the extent a response is required, denied.

Paragraph 67: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 68: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 69: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 70: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

### ii.    C.I.

Paragraph 71: This paragraph refers to a nonparty that has been dismissed from this case, therefore no response is required. To the extent a response is required, denied.

Paragraph 72: This paragraph refers to a nonparty that has been dismissed from this case, therefore no response is required. To the extent a response is required, denied.

Paragraph 73: This paragraph refers to a nonparty that has been dismissed from this case, therefore no response is required. To the extent a response is required, denied.

Paragraph 74: This paragraph refers to a nonparty that has been dismissed from this case, therefore no response is required. To the extent a response is required, denied.

Paragraph 75: This paragraph refers to a nonparty that has been dismissed from this case, therefore no response is required. To the extent a response is required, denied.

Paragraph 76: This paragraph refers to a nonparty that has been dismissed from this case, therefore no response is required. To the extent a response is required, denied.

Paragraph 77: This paragraph refers to a nonparty that has been dismissed from this case, therefore no response is required. To the extent a response is required, denied.

Paragraph 78: This paragraph refers to a nonparty that has been dismissed from this case, therefore no response is required. To the extent a response is required, denied.

Paragraph 79: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 80: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 81: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 82: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 83: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 84: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 85: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 86: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

**iii.    T.L.**

Paragraph 87: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 88: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 89: This paragraph refers to a nonparty that has been dismissed from this case, and

therefore no response is required. To the extent a response is required, denied.

Paragraph 90: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 91: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 92: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 93: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 94: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 95: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 96: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 97: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 98: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 99: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 100: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 101: This paragraph refers to a nonparty that has been dismissed from this case, and

therefore no response is required. To the extent a response is required, denied.


    iv.      **R.K.**

Paragraph 102: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 103: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 104: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 105: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 106: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 107: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 108: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 109: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 110: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 111: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 112: This paragraph refers to a nonparty that has been dismissed from this case, and

therefore no response is required. To the extent a response is required, denied.

Paragraph 113: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 114: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 115: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 116: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 117: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 118: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 119: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 120: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 121: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 122: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 123: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 124: This paragraph refers to a nonparty that has been dismissed from this case, and

therefore no response is required. To the extent a response is required, denied.

Paragraph 125: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 126: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

v.    **D.M.**

Paragraph 127: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 128: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 129: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 130: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 131: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 132: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 133: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 134: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 135: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 136: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 137: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 138: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 139: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 140: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 141: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 142: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 143: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 144: This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

### vi.    B.D.

Paragraph 145: Specifically admitted that B.D. was fifteen years old as of July 29, 2024 (the date of filing of the Second Amended Class Action Complaint); that B.D. was removed from their home by DCYF in 2022 due to allegations of neglect; and that B.D. has remained in DCYF's custody since their removal in 2022.  Otherwise, denied.

Paragraph 146: Specifically admitted that B.D. has received treatment or services billed with

codes corresponding to diagnoses of ADHD, Depression, and Anxiety. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations, and thus deny the allegations on that basis.

Paragraph 147: Specifically admitted that B.D. has an IEP and has received special education services in their local public school. Otherwise, denied.

Paragraph 148: Denied.

Paragraph 149: Specifically admitted that B.D. and a younger sibling were initially placed in a crisis foster home after entering DCYF custody.

Paragraph 150: Specifically admitted that DCYF placed B.D. and their sibling into care at Nashua Children's Home ("NCH"), and that B.D. currently is placed at NCH. Otherwise, denied.

Paragraph 151: Specifically admitted that B.D.'s sibling was placed into a family foster home roughly two months after the siblings were placed into care at NCH, that this placement change was based at least in part on the recommendations of the siblings' Comprehensive Assessment for Treatment and of the sibling's CASA, and with B.D.'s input and consent. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation regarding B.D.'s subjective perception. Otherwise, denied.

Paragraph 152: Specifically admitted that while B.D. was placed at NCH, B.D. was physically managed. Otherwise, denied.

Paragraph 153: Defendants lack knowledge and information sufficient to form a belief about the truth of the allegation concerning what B.D. subjectively recalls or recalled. Otherwise, denied.

Paragraph 154: Defendants lack knowledge and information sufficient to form a belief about the truth of the allegation regarding B.D.'s subjective ambitions and desires as of today's date and thus deny the allegations on that basis.

Paragraph 155: Defendants lack knowledge and information sufficient to form a belief about

17

the truth of the allegation regarding B.D.'s subjective belief or desires as they relate to kinship care versus foster home placement, or about B.D.'s awareness of Defendants' exploration into potential foster family matches.  Otherwise, denied.

**B.  THE GOVERNOR, DHHS, AND DCYF FAIL TO ENSURE PLAINTIFF YOUTH HAVE ADEQUATE CASE PLANS.**

**i.      Federal Law Requires Defendants To Ensure the Provision and Implementation of Written Case Plans for All Older Youth in Foster Care.**

Paragraph 156:  Specifically admitted that 42 U.S.C. § 671(a) states, in part, that "[i]n order for a State to be eligible for payments under this part, it shall have a plan approved by the Secretary which – . . . (16) provides for the development of a case plan (as defined in section 675(1) of this title and in accordance with the requirements of section 675a of this title) for each child receiving foster care maintenance payments under the State plan and provides for a case review system which meets the requirements described in sections 675(5) and 675a of this title with respect to each such child"; that the term "case plan" is defined in 42 U.S.C. § 675(1); and that 45 C.R.F. § 1356.21(g) states, in part, that "[t]he case plan for each child must: . . . (2) Be developed within a reasonable period, to be established by the title IV-E agency, but in no event later than 60 days from the child's removal from the home pursuant to paragraph (k) of this section."  Otherwise, denied.

Paragraph 157:  42 U.S.C. § 675a and 42 U.S.C. § 675(1)(A)-(G) speak for themselves. Otherwise, denied.

Paragraph 158:  Specifically admitted that Plaintiffs accurately quote 45 C.F.R. § 1356.21(g)(1), in part; and that Plaintiffs accurately quote 42 U.S.C. § 675(1)(B), in part.  Otherwise, denied.

Paragraph 159:  42 U.S.C. §§ 622, 671(a)(1)(16), 675(5), and 675a speak for themselves. Otherwise, denied.

Paragraph 160:  RSA 170-G:4, III, and N.H. ADMIN. RULES, HE-C 6339.03(r) speak for

themselves.  Otherwise, denied.

Paragraph 161:  Specifically admitted that DCYF recognizes the importance of involving children and families, as feasible and appropriate, in timely and ongoing case planning and implementation.  Otherwise, denied.

Paragraph 162:  Denied.

**ii.   Defendants Fail To Ensure the Provision and Implementation of Written Case Plans as Required by Federal Law.**

Paragraph 163:  Denied.

**a.   Defendants fail to provide timely case plans.**

Paragraph 164:  Denied.

Paragraph 165:  Denied.

**b.   Defendants fail to involve youth and families in case planning.**

Paragraph 166:  Denied.

Paragraph 167:  Specifically admitted that DCYF Family Assessment and Inclusive Reunification ("FAIR") meetings provided an opportunity to discuss case plans and engage family and youth in decisions about safety, permanency, and well-being.  Otherwise, denied.

Paragraph 168:  Denied.

Paragraph 169:  Specifically admitted that the 2018 *Child and Family Services Review – New Hampshire Final Report* ("CFSR 2018") found, in part, that Item 13 thereto "was rated as a Strength in 63% of the 40 applicable foster care cases"; that Item 13 thereto was designated as "Child and Family Involvement in Case Planning"; and that the "[p]urpose of [a]ssessment" regarding Item 13 was "[t]o determine whether, during the period under review, concerted efforts were made (or are being made) to involve parents and children (if developmentally appropriate) in the case planning process on an ongoing basis."  Also specifically admitted that the CFSR 2018 found, in part, with respect to Item 20 thereto, that: "Stakeholders also said that although there are case plans, they were concerned that the

19

plans were generic, and that a true family voice was lacking when generating plans"; that Item 20 thereto was designated as "Written Case Plan"; and that the description of Item 20 states that "[t]he case review system is functioning statewide to ensure that each child has a written case plan that is developed jointly with the child's parent(s) and includes the required provisions." Otherwise, denied.

Paragraph 170: Specifically admitted that the Program Improvement Plan developed in response to the 2010 CFSR ("2011 PIP") identified "[l]ack of involvement of the child/youth and parents in case planning" and "[o]lder youth not engaged in case planning" as "key concerns identified in CFSR," and that the Program Improvement Plan developed in response to the 2018 CFSR ("2019 PIP") identified family engagement in case planning as an area in continuing need of improvement. Otherwise, denied.

### c.    Defendants fail to ensure case plans include mandated components and are continuously updated.

Paragraph 171: Denied.

Paragraph 172: Specifically admitted that Plaintiff accurately quotes DCYF's 2018 Adequacy and Enhancement Assessment, in part. Otherwise, denied.

Paragraph 173: Denied.

Paragraph 174: Denied.

Paragraph 175: Denied.

### d.    Defendants fail to provide required transition services.

Paragraph 176: Denied.

Paragraph 177: Denied.

Paragraph 178: Denied.

### iii.    Defendants' failure to provide and implement legally sufficient case plans harms Plaintiff Youth.

Paragraph 179: This paragraph refers to nonparties that have been dismissed from this case,

and therefore no response is required to the extent this paragraph refers to the nonparties.  With regard

to the remaining Named Plaintiff B.D., Defendants deny that B.D. has not been involved in their own

case planning.  Defendants lack knowledge or information sufficient to form a belief about the truth of

the remaining allegations regarding the B.D.'s subjective understanding.  Otherwise, denied.

Paragraph 180:  Denied.

## C. THE GOVERNOR, DHHS, DCYF, AND THE MEDICAID AGENCY DISCRIMINATE AGAINST YOUTH WITH MENTAL AND BEHAVIORAL HEALTH DISABILITIES.

### i. Federal Law Requires States To Administer Services to People With Disabilities in the Most Integrated Setting Appropriate To Meet Their Needs.

Paragraph 181:  Specifically admitted that Plaintiff accurately quotes 42 U.S.C. § 12101(b)(1),

in part.  Otherwise, denied.

Paragraph 182:  Specifically admitted that Plaintiff accurately quotes 42 U.S.C. § 12101(a)(2),

in part; and that Plaintiff accurately quotes 42 U.S.C. § 12101(a)(3), in part. Otherwise, denied.

Paragraph 183:  Specifically admitted that Plaintiff accurately quotes 42 U.S.C. § 12132, in

part; that Plaintiff accurately quotes 28 C.F.R. § 35.130(d), in part; and that Plaintiff accurately quotes

the United States Supreme Court's opinion in *Olmstead v. L.C. ex rel. Zemring*, in part. Otherwise,

denied.

Paragraph 184:  Specifically admitted that Plaintiff accurately quotes 28 C.F.R. § 35.130(b)(3),

in part.  Otherwise, denied.

Paragraph 185:  Specifically admitted that Plaintiff accurately quotes 28 C.F.R. § 35.130(b)(7),

in part.  Otherwise, denied.

Paragraph 186:  Specifically admitted that Plaintiff accurately quotes 29 U.S.C. § 794, in part.

Otherwise, denied.

Paragraph 187:  Specifically admitted that 28 C.F.R. § 41.51(d) states: "Recipients shall

administer programs and activities in the most integrated setting appropriate to the needs of the

21

qualified handicapped persons"; and that 28 C.F.R § 41.51(b)(3) states, in part: "A recipient may not, directly or through contractual or other arrangements, utilize criteria or methods of administration: (i) That have the effect of subjecting qualified handicapped persons to discrimination on the basis of handicap . . . ." Otherwise, denied.

Paragraph 188: Denied.

Paragraph 189: Specifically admitted that Plaintiff accurately quotes the definition of "qualified individual with a disability" as set forth in 42 U.S.C. § 12131; and that 28 C.F.R. § 35.130(b)(7), as cited, speaks for itself. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation regarding Plaintiff Youth being qualified individuals with disabilities within the meaning of Title II of the ADA and Section 504 of the Rehabilitation Act. Otherwise, denied.

Paragraph 190: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that each Plaintiff Youth has a mental impairment, a record of such mental impairment, or is regarded as having such an impairment that substantially limits one or more major life activities. Otherwise, denied.

Paragraph 191: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning unspecified treatment needs and unspecified community-based settings; and about the truth of the allegation concerning Plaintiff Youths' subjective desires. Otherwise, denied.

Paragraph 192: Specifically admitted that DHHS is a state agency; that DHHS provides child protection services to children under its protective supervision or legal custody; that DHHS receives federal financial assistance; and that federal laws, including provisions of the ADA and Rehabilitation Act, apply to DHHS. Otherwise, denied.

Paragraph 193: Specifically admitted that DHHS is a public entity; that the Division of

22

Medicaid Services is a division of DHHS; and that the DCYF is a division of DHHS. Otherwise, denied.

Paragraph 194:  Denied.

**ii.      Defendants Discriminate Against Plaintiff Youth by Segregating Them in Inappropriately Restrictive Institutional Settings, in Violation of the Federal Integration Mandate.**

Paragraph 195:  Denied.

Paragraph 196:  Specifically admitted that Plaintiff accurately quotes DCYF Policy Directive 15-05, in part.  Otherwise, denied.

Paragraph 197:  Denied.

Paragraph 198:  Denied.

Paragraph 199:   Specifically admitted that the 2018 Annual Report of the State of New Hampshire Office of the Child Advocate states, in part: "The limitations of home and community-based services, as well as limited residential options, have frequently pushed DCYF to seek any available bed, rather than specific clinically matching programs."  Otherwise, denied.

Paragraph 200:  This paragraph refers to nonparties that have been dismissed from this case, and therefore no response is required to the extent this paragraph refers to the nonparties.  With regard to allegations regarding remaining Named Plaintiff B.D., denied.

Paragraph 201:  This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required. To the extent a response is required, denied.

Paragraph 202:  This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required.  To the extent a response is required, denied.

Paragraph 203:  This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required.  To the extent a response is required, denied.

Paragraph 204:  This paragraph refers to a nonparty that has been dismissed from this case, and

23

therefore no response is required.  To the extent a response is required, denied.

Paragraph 205:  This paragraph refers to a nonparty that has been dismissed from this case, and therefore no response is required.  To the extent a response is required, denied.

Paragraph 206:  Specifically admitted that B.D.'s father passed away, that B.D. experienced housing instability, and that B.D. has been physically managed while placed at NCH.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegation regarding B.D.'s subjective perceptions.  To the extent a response otherwise is required, denied.

Paragraph 207:  Denied.

Paragraph 208:  Specifically admitted that RSA 126-A:4 states, in part, that DHHS "shall be organized to provide a comprehensive and coordinated system of health and human services as needed to promote and protect the health, safety, and well-being of the citizens of New Hampshire. Such services shall be directed at supporting families, strengthening communities, and developing the independence and self-sufficiency of New Hampshire citizens to the extent possible."  Otherwise, denied.

Paragraph 209:  Specifically admitted that it is important to have infrastructure that supports the availability of placements in the least restrictive settings appropriate to the needs of children in DCYF's custody.  Otherwise, denied.

Paragraph 210:  Specifically admitted that the July 10, 2020 issue briefing of the State of New Hampshire Office of the Child Advocate states, in part: "The benefits of home or home-like placements were echoed in a recent review of New Hampshire's residential services.  Therapeutic foster care was identified as a significant gap in the array of services meant to best meet the needs of children.  As a result, the implementation of increased capacity of therapeutic foster homes is now integrated into the residential services re-design."  Otherwise, denied.

Paragraph 211:  Denied.

Paragraph 212:  Specifically admitted that Plaintiffs accurately quote the 2018 CFSR, in part. Otherwise, denied.

Paragraph 213:  Defendants lack information or knowledge sufficient to form a belief about the truth of the allegation regarding unspecified reports.  Otherwise, denied.

Paragraph 214:  Specifically admitted that home and community services are accessible to youth in DCYF's custody.  Otherwise, denied.

Paragraph 215:  Specifically admitted that New Hampshire has experienced a workforce shortage in the mental health care sector due to circumstances outside of Defendants' control; and that a workforce shortage can reduce access to services.  Otherwise, denied.

Paragraph 216:  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation concerning unspecified services.  To the extent a response is required, denied.

Paragraph 217:  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation concerning unspecified services.  To the extent a response is required, denied.

### iii.  Defendants' Methods of Administration Subject Plaintiff Youth to Discrimination on the Basis of Disability.

Paragraph 218:  Denied.

Paragraph 219:  Denied.

Paragraph 220:  Denied.

Paragraph 221:  Specifically admitted that Plaintiffs accurately quote DCYF's 2018 Adequacy and Enhancement Assessment, in part. Otherwise, denied.

Paragraph 222:  Denied.

Paragraph 223:  Denied.

Paragraph 224:  Denied.

Paragraph 225:  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation regarding the reasonableness of unspecified modifications.  To the extent a

response is required, denied.

Paragraph 226:  This paragraph refers to nonparties that have been dismissed from this case, and therefore no response is required to the extent this paragraph refers to the nonparties.  With regard to allegations regarding remaining Named Plaintiff B.D., denied.

## VII.    CAUSES OF ACTION

### First Cause of Action

"The Federal Adoption Assistance and Child Welfare Act of 1980, 42 U.S.C. §§ 622, 671(a)(16), 671(a)(22), 675(1), 675(5), and 675a"

Paragraph 227:  Defendants hereby incorporate by reference their responses to the foregoing paragraphs of Plaintiffs' Second Amended Class Action Complaint as though fully set forth herein.

Paragraph 228:  Denied.

Paragraph 229:  Denied, including all subparts.

Paragraph 230:  Denied.

### Second Cause of Action

 "Americans with Disabilities Act, 42 U.S.C. §§ 12131 *et seq.* – Integration Mandate"

Paragraph 231:  Defendants hereby incorporate by reference their responses to the foregoing paragraphs of Plaintiffs' Second Amended Class Action Complaint as though fully set forth herein.

Paragraph 232:  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff Youth have mental impairments that substantially limit one or more major life activities such that they are individuals with disabilities within the meaning of the ADA.  To the extent a response is required, denied.

Paragraph 233:  Specifically admitted that there may be circumstances under which certain youth may be placed in residential or group care facilities as appropriate for their needs while in DCYF's custody.  Otherwise, denied.

Paragraph 234:  Denied.

Paragraph 235:  Specifically admitted that Defendants are officials of public entities within the meaning of the ADA, as codified at 42 U.S.C. § 12131(1).  Otherwise, denied.

Paragraph 236:  Title II of the ADA, as codified at 42 U.S.C. § 12132, and its implementing regulation codified at 28 C.F.R. § 35.130(d), speak for themselves.  Otherwise, denied.

Paragraph 237:  The regulation at 28 C.F.R. § 35.130(b)(7) speaks for itself.  Otherwise, denied.

Paragraph 238:  Defendants deny the implicit allegation within this paragraph that Defendants' provision of community-based mental and behavioral health services and placements results in unjustified institutionalization.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that under the ADA it would not fundamentally alter Defendants' programs, services, or activities to provide Plaintiff Youth with unspecified community-based mental and behavioral health services and placements in a manner that does not result in "unjustified" institutionalization in congregate care facilities.  To the extent a response is required, denied.

Paragraph 239:  Denied.

Paragraph 240:  Denied.

### Third Cause of Action

"Americans with Disabilities Act, 42 U.S.C. §§ 12131 *et seq.* – Methods of Administration"

Paragraph 241:  Defendants hereby incorporate by reference their responses to the foregoing paragraphs of the Second Amended Class Action Complaint as though fully set forth herein.

Paragraph 242:  Specifically admitted that there may be circumstances under which certain youth may be placed in residential or group care facilities as appropriate for their needs while in DCYF's custody.  Otherwise, denied.

Paragraph 243:  Title II of the ADA, as codified at 42 U.S.C. § 12132 and as implemented by 28 C.F.R. § 35.130, speak for themselves.  Otherwise, denied.

Paragraph 244:  Specifically admitted that Plaintiffs accurately quote 28 C.F.R. § 35.130(b)(3),

in part, and that the regulation otherwise speaks for itself. Otherwise, denied.

Paragraph 245: Denied.

Paragraph 246: Denied.

**Fourth Cause of Action**

"Section 504 of the Rehabilitation Act, 29 U.S.C. §§ 794 *et seq*. – Integration Mandate"

Paragraph 247: Defendants hereby incorporate by reference their responses to the foregoing paragraphs of the Second Amended Class Action Complaint as though fully set forth herein.

Paragraph 248: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff Youth have mental impairments that substantially limit one or more major life activities, or have record of such impairments, or are perceived as having such impairments, such that they each have a disability within the meaning of the Rehabilitation Act and its implementing regulations. To the extent a response is required, denied.

Paragraph 249: Specifically admitted that 45 C.F.R. § 84.3(l)(4) is a regulation that implements the Rehabilitation Act. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff Youth are qualified individuals with disabilities within the meaning of the Rehabilitation Act and its implementing regulations. Otherwise, denied.

Paragraph 250: Specifically admitted that the State of New Hampshire's Medicaid and child protection services are programs or activities that receive Federal financial assistance within the meaning of 29 U.S.C. § 794(b) and its implementing regulations. Otherwise, denied.

Paragraph 251: Denied.

Paragraph 252: Denied.

Paragraph 253: Denied.

Paragraph 254: Denied.

28

**Fifth Cause of Action**

"Section 504 of the Rehabilitation Act, 29 U.S.C. §§ 794 *et seq*. – Methods of Administration"

Paragraph 255:  Defendants hereby incorporate by reference their responses to the foregoing paragraphs of Plaintiffs' Second Amended Class Action Complaint as though fully set forth herein.

Paragraph 256:  Specifically admitted that there are circumstances under which certain youth may be placed in residential or group care facilities as appropriate for their needs while in DCYF's custody.  Otherwise, denied.

Paragraph 257:  Specifically admitted that the State of New Hampshire's Medicaid and child protection services are programs or activities that receive Federal financial assistance within the meaning of 29 U.S.C. § 794(b) and its implementing regulations.  Otherwise, denied.

Paragraph 258:  Specifically admitted that Section 504 of the Rehabilitation Act is codified at 29 U.S.C. § 794, and that 45 C.F.R. § 84.4(b) is a regulation that purports to implement Section 504 of the Rehabilitation Act.  Otherwise, denied.

Paragraph 259:  Specifically admitted that Plaintiffs accurately quote 45 C.F.R. § 84.4(b), in part.  Otherwise, denied.

Paragraph 260:  Denied.

Paragraph 261:  Denied.

## VIII.    PRAYER FOR RELIEF

Paragraph 262:  Defendants deny that the Named Plaintiff or Plaintiff Youth are entitled to the relief requested in the Second Amended Class Action Complaint or to a judgment in their favor.

## AFFIRMATIVE DEFENSES

In asserting the following affirmative defenses to Plaintiff's claims, Defendants do not concede that the assertion of such defenses imposes any burden of proof, persuasion, or production on Defendants for which the applicable law assigns the burden to Plaintiff or another party.  Defendant

29

asserts that some of the following defenses are elements of Plaintiff's affirmative claim and on which Plaintiff bears the burden of proof, but pleads them as defenses in an abundance of caution.

- **First Affirmative Defense** – The claims are barred, in whole or in part, because the Second Amended Class Action Complaint fails to state a claim upon which relief can be granted.

- **Second Affirmative Defense** – The claims are barred, in whole or in part, by the doctrine of mootness.

- **Third Affirmative Defense** – The claims are barred, in whole or in part, because the policies and regulations on which Plaintiffs rely, including those setting forth the integration mandate, are ultra vires or otherwise do not apply in this case.

- **Fourth Affirmative Defense** – The claims are barred, in whole or in part, because Defendants have made reasonable modifications in policies, practices, or procedures to avoid discrimination on the basis of disability.

- **Fifth Affirmative Defense** – The claims are barred, in whole or in part, to the extent Plaintiff is not seeking reasonable modifications and to the extent Plaintiff seeks modifications that would fundamentally alter the nature of the services at issue and would result in an undue burden.

- **Sixth Affirmative Defense** – The claims are barred, in whole or in part, because New Hampshire's treatment professionals have determined that the Named Plaintiff's and Plaintiff Youths' placements were or are appropriate for their needs.

- **Seventh Affirmative Defense** – Plaintiffs' claims are barred, in whole or in part, by the doctrine of sovereign immunity and under the Eleventh Amendment.

- **Eighth Affirmative Defense** – Claims purportedly based on the Adoption Assistance and Child Welfare Act of 1980 are barred, in whole or in part, because the Named Plaintiff does not enjoy a private right of action.

- **Ninth Affirmative Defense** – Claims of Plaintiff Youth purportedly based on the Adoption Assistance and Child Welfare Act of 1980 are barred, in whole or in part, because a large portion of the Plaintiff Youth do not enjoy a private right of action.

- **Tenth Affirmative Defense** – Claims purportedly based on the Adoption Assistance and Child Welfare Act of 1980 are barred, in whole or in part, because the Named Plaintiff lacks standing to assert them.

- **Eleventh Affirmative Defense** - Plaintiffs' ADA and Rehabilitation Act claims are barred because an allegation that a person is "at risk of" unjustified institutionalization" is not actionable under the ADA or Rehabilitation Act.

- **Twelfth Affirmative Defense** - Plaintiffs' ADA and Rehabilitation Act claims are barred because Defendants have a comprehensive, effectively working plan to provide community-based alternatives to unjustified institutionalization for foster youth with disabilities.

- **Thirteenth Affirmative Defense** - Plaintiffs' ADA and Rehabilitation claims are barred, in whole or in part, by federal court abstention doctrines.

- **Fourteenth Affirmative Defense -** The ADA and Rehabilitation claims of individual class members may be barred, in whole or in part, by res judicata, collateral estoppel, claim preclusion, and/or issue preclusion.

- **Fifteenth Affirmative Defense -** Principles of federalism and comity preclude the relief Plaintiffs seek to the extent that relief would substantially intrude in a traditional area of core state authority.

- **Sixteenth Affirmative Defense -** This Court lacks authority to issue an injunction with the relief sought by Plaintiffs to the extent such an injunction would go beyond what is minimally required to remedy the specific defect alleged.

- **Seventeenth Affirmative Defense -** Plaintiffs' requested relief fails to describe in reasonable detail the acts restrained or required and thus cannot be ordered through an injunction that satisfies Federal Rule of Civil Procedure 65's requirements.

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have other available, as yet unstated, defense or affirmative defenses. Therefore, Defendants reserve the right to assert any additional defenses or affirmative defenses that discovery indicates may be appropriate. Defendants reserve the right to amend or to seek to amend their answer and/or affirmative defenses.

WHEREFORE, Defendants request judgment dismissing the Second Amended Class Action Complaint with prejudice and denying any and all relief sought by Plaintiffs. Defendants further request that Defendants recover their costs incurred herein, that Defendants recover their fees to the extent permissible and warranted, and that this Court grant such other relief as is just and proper.

Dated: October 2, 2024

Respectfully submitted,

CHRISTOPHER T. SUNUNU, in his official capacity as Governor of the State of New Hampshire, LORI WEAVER, in her official capacity as Commissioner of the New Hampshire Department of Health and Human Services, MARIE NOONAN, in her official capacity as Director of the Division for Children, Youth and Families, and HENRY LIPMAN, in his official capacity as Director of New Hampshire Medicaid Services,

By their attorney,

JOHN M. FORMELLA
NEW HAMPSHIRE ATTORNEY GENERAL

By: /s/ Nathan W. Kenison-Marvin
Nathan W. Kenison-Marvin, Bar No. 270162
Assistant Attorney General
Michael P. DeGrandis, Bar No. 277332
Attorney
Rory Miller, Bar No. 278226
Attorney
Office of the Attorney General (Civil Bureau)
New Hampshire Department of Justice
33 Capitol Street
Concord, NH 03301-6397
(603) 271-3650
nathan.w.kenison-marvin@doj.nh.gov
Michael.p.degrandis@doj.nh.gov
Rory.s.miller@doj.nh.gov

/s/ Paige M. Jennings
Paige Jennings
Philip J. Peisch
Lara Rosenberg
Brown & Peisch PLLC
1225 19th St NW, Suite 700
Washington, DC 20036
(202) 499-4258
pjennings@brownandpeisch.com
ppeisch@brownandpeisch.com
lrosenberg@brownandpeisch.com

**CERTIFICATE OF SERVICE**

I, Paige Jennings, hereby certify that I caused a true and correct copy of the foregoing to be filed through the ECF system and served electronically on the registered participants as identified on the Notice of Electronic Filing.

Dated: October 2, 2024                          /s/ Paige M. Jennings
                                                Paige M. Jennings